5-16-0441 People v. William R. Rogers Are we ready?  I am Thomas Magg. I represent William R. Rogers. This case boils down to a traffic ticket. Traffic tickets are the result of a long-standing dispute between my client and the Wood River Police Department. Bottom line, in many cases my client has photographed Wood River Police officers because he believes they are harassing him. They don't like it. This case is the direct result of that dynamic. Illinois, not that long ago, passed a statute, 625 ILCS 512-610.2b, that prohibited a person from operating a motor vehicle on a roadway while using an electronic communication device. In this case, the allegation is that my client used an electronic communication device while driving a motor vehicle in the municipal limits of Wood River. The ticket was issued, jury trialed, full record on the evidence. The only witness to testify at trial was the arresting police officer. The pertinent evidence at trial was that Officer Holford observed a gold Chevy Malibu, and the driver, quote, appeared to be either videotaping or photographing used while he was driving with a flip-style cell phone in his hand. Thereafter, he testified that he being the officer, it appeared to me he was either videotaping or photographing me. After the stop, Officer Holford testified that there was a flip phone in the car. On cross-examination, this case is substantially narrowed. Question to the officer. Can you state beyond a reasonable doubt that my client actually took a picture on the date and time in question? Answer no. Can you state beyond a reasonable doubt that my client actually took some sort of video image on the date and time in question? Answer no. Did you state that my client actually took a photograph of the date and time in question? No. Can you state that my client actually took some sort of video image on the date and time in question? No. Was my client, did he appear to be talking on the phone on the date and time in question? No. Did he appear to be surfing the internet on the date and time in question? No. You said you saw a cell phone on the front seat of my client's car, is that accurate? Yes. Did you examine that cell phone? No. Did you pick it up? No. Did you look at it? No. Did you check to see if there were any pictures on it? No. Did you check to see if there was any video activity on it lately? No. Did you check to see if it was even on? No. For all you know, the cell phone was off at the time. I wouldn't have been able to determine that. And the reason you wouldn't have been able to determine that is because you didn't look at it. Is that accurate? Sure. With that evidence, a couple of things are clear. One, my client wasn't talking on a cell phone. My client wasn't using a cell phone for any arguable purpose other than taking a photograph. But the police officer cannot even testify that a photograph or video or anything like that was actually taken. Did your client admit that he had taken a photograph or video? No. The only evidence at trial was the testimony of the police officer. Your client didn't testify. My client did not testify. And it's my understanding that the reason you were able to elicit these answers is because the phone was not taken into evidence. The phone was not taken into evidence. It wasn't even looked at. It wasn't even looked at. I mean, if you believe the officer, and I believe the officer testified accurately on this point, he didn't even look at the phone to see if it was even on. Certainly, he could have taken the phone into evidence. Certainly, he could have gotten, to the extent necessary, a warrant to search the phone to see if it was actually used. Never happened. Didn't happen. It is our argument, two basic arguments. One, the statute only criminalizes use of a phone as a normal person would interpret that. And to the extent that you're getting into ancillary uses, the statute doesn't cover it. I mean, really, it doesn't really say anything, does it? It just says using, you may not operate a motor vehicle on a roadway while using an electronic communication. Yes. So, I mean, if you were taking photographs, I suppose that would be using the phone. Well, if you were to put papers on the passenger seat of your car and set the cell phone on top of that, you'd be using it as a paperweight. I think that would be stretching it a bit. Well, no more stretching. I'm not sure that that's what's contemplated by the statute. Well, I'm not sure. Did you challenge the constitutionality of the statute in your pleadings? Under the First Amendment, we did. In the trial court, we referenced the vagueness of the statute. It was unconstitutionally vague. But we have raised the issue of the rule of leniency in taking this. And basically, we point out that in the legislative history, the author of the statute is asked, and this is cited with the exact quotes and the citations in the brief that I'm paraphrasing, would an iPhone play music, which is obviously a cell phone? If I drive along and play music with that, is that a violation of the statute? The answer is no. Well, if using a cell phone, quote-unquote, to play music is not a violation of the statute, fundamentally, what's the difference between using it to take a photograph, assuming a photograph was taken? And we don't even have evidence of an actual photograph being taken. As the trial court judge noted, in his order denying the post-trial motion, it's possible a photograph was taken. It's possible he was pretending to take a photograph. Well, that sounds to me like the classic definition of a reasonable doubt. If you don't know whether he was taking a photograph because he could have been doing something else, and the officer never, there was no photograph presented into evidence, I make reference to the recent Missouri issue with the now former Governor Gritens. Apparently there was no photograph there, able to find there either. Resulted in a rather obvious result in that case, short of adjudication. It may be refiled. It may be refiled, but it's a tough case without a photograph. This case where the police officer can't testify that a photograph was taken, can't even testify that the cell phone was turned off, that's not even close to beyond a reasonable doubt that my client was using a cellular phone while driving. I'll rest on the brief on the other issues unless there's questions, because I don't think that this Court even gets to the other issues based on the lack of evidence. Thank you. Thank you, Your Honor. Good morning, Your Honor. This is the court. Mr. Daly. Counsel. Actually an interesting case. This is the only case that I've found that I've seen that hasn't really discussed in any of the reported cases up to this point. I think it comes down to really a matter of statutory interpretation and definition. A lot of what the defendant's argument here is today, I think, is something of an inherent rewrite of the statute. The statute criminalizes use of an electronic communications device. It doesn't criminalize taking a photograph using an electronic communications device. It simply criminalizes use, okay? So when I plugged in my cell phone and drove from Belleville to Mount Vernon and played music, I was violating the law. That's use. I guess that raises that interesting sort of vagueness issue, I suppose, right? Yeah, it sure is vagueness, isn't it? It hasn't come up on this appeal yet, anyway. So I violated the law. I think that... I used my cell phone that was designed to download music in my car. I plugged it in because the minute I plugged it in my car, it comes across the whole thing. I think that the legislative intent here was the employment of the device for purposes that would be establishing a sharing call. I think the court below referred to it as multitasking, where your use of the device is done in such a way that it diverts your attention from the roadway. Plugging your phone in to an output jack and sticking it on there is more akin to basically using, like, a hands-free type device than it would be. The rules of statutory construction aren't tough. They can be. They can be. When we look at it, and I'm going to recast this a little bit in terms of when we look at, say, vagueness challenges, although that's not specifically before the court, because I think a lot of those discussions are helpful. When we talk about whether a person is reasonable... Let's get to vagueness, seriously, because as you said, that's really kind of not really the issue before the court. Let's talk about reasonable doubt here. Okay. The phone was not taken. Okay. There's no proof I can see, other than the testimony of the officer, where the most he could have seen is somebody holding up a cell phone. That's the most. The jury has instructed that the State has to prove that the defendant was on a roadway and that he was using an electronic communications device. There's no element that a successful photograph be taken. There's no additional element. But he makes the charge. The charge is the use of the electronic device. Right. So all he had to be doing under the instructions was holding up a cell phone. Well, let's recast this discussion slightly differently. Suppose the defendant is driving down the roadway, sees the police officers, decides he wants to take a picture of them for whatever reasons or purposes he had, comes up, fumbles with the phone, takes it out, tries to get it, tries to take a picture. Can't do it because he's going too fast. His attention is diverted from the roadway. Drives on. No picture is taken. Could a jury under those set of facts find the defendant guilty of using a cellular phone, of using an electronic communications device while on the roadway? Absolutely, because that's exactly what he was doing. He uses them to complete a task. He uses the employment of a device for some purpose, which is what he did. That is not the issue before us because that is not what happened. There's no evidence here that this gentleman lost control of his vehicle or anything like that. Is there? Well, that's not an element of the offense either, Your Honor. So, i.e., where do you climb the hill to beyond a reasonable doubt if all you have is the testimony of police officers saying that the man was driving and holding up his cell phone, and I think he was taking a picture because his phone was up? Because that, Your Honor, is the actual quintessential definition of the use of a phone. It may not be a successful use, it may have been an attempted use, or the court said it may have been a simulated use, but it is a use. There is no element of the offense that the State has to prove that the use had either any specific objective or purpose or any successful or completed objective or purpose. To require the State, I'm sorry, go ahead, Your Honor. There was, correct me if I'm wrong, there was testimony from the officer that he observed the driver holding up the phone as though he were taking a picture. Correct. And did the testimony include the officer's belief that in doing so, the driver was distracted from the act of driving? Correct. Because he was, in fact, had his attention diverted to the police officers looking at the camera and the police officers... It was a specific question, but yes, that's correct. And to go back just a step and take Mr. Magza's argument a step further, if he were simulated, I believe it was Judge Simmons who said a simulated use of the camera, so use of an electronic communication device as a prop while driving, causing distraction to the driver, in your opinion, would be a use of that? It would fall under the statute. We're looking at this through the lens, if you will, of reasonable doubt that the jurors are hearing as far as the evidence. When we see an individual drive by distracted from the road, although distraction itself is not an element to the offense, but nonetheless it requires the use of electronic communications device. And there's no dispute here that it is an electronic communications device. Mr. Daley? Yes, Your Honor. If the legislature wanted to include distraction, they would have put it in, right? Correct. I mean, we have to presume that. Correct. And we do have to look at the legislative history. That's one of the things the court looks at. When I look at the statute, it appears to me that if I hold up my cell phone and I'm driving along the road and I'm playing music, I'm violating the statute. Yes, you probably are by way of plain language of the statute. And again. How can that be criminal? Now, the statute allows for the use of electronic device. If you come to a natural stop, in fact, like a stop sign, you can pick up your phone, select your music, you can pull off to the side. Correct. And certainly, as I'm sure Justice Cates did on her way to court this morning in her own example, she set up her phone to play when she was in her garage and the play went on the way here. I did too. There's no issue there. Right. Well, that's not necessarily true, Justice Barberos, because I was using. I don't know. I know, but I was using, according to plain language of the statute, I was using it while on the roadway. It can be used hands-free, though, correct? But there's no exception for that. No. Well, one of the axioms of statutory interpretation and legislative creation is that we don't necessarily impute absolute wisdom to the legislature. Right. Right. But the point I'm trying to make, Your Honor, is that what we're dealing with here is the plain language of the statute. Whether we think it's wise, stupid, nonsensical, that's what the legislature is called upon to change the statute, not to basically rewrite the statute on appeal to provide for certain leases that are okay and certain leases that are not. Well, that's exactly what I'm concerned about that we would be doing. That's exactly what I'm concerned about. If we affirm this, I'm concerned that we would be putting into a statute something that may not be. You would only be doing so if you held that he had to, for the state, to improve the elements of his offense. He has to prove more than simply the fact that he was operating a motor vehicle on the roadway using an electronic device. By what you're stating here, Justice Cates, as I'm interpreting it, is that he used the electronic device and then something was done as a result of it. Again, you said there's. . . He was alleged a photograph was taken. Well, Your Honor, I don't know what the allegation was. I don't know. The allegation is not the elements of the case. The elements of proof are in the statute over the jury's instruction. There's a. . . correct. The jury instruction is different than what was alleged by the police officers. Then the state overplayed it. But that doesn't mean the defendant gets off on it. But then we get to the issue of victims, right? Right. If this kind of criminal act, me driving to work, playing my cell phone, or even just holding it up and playing my music on the way, is a violation of the law, then this seems vague to me. Only to a certain degree. We're kind of trotting off into a separate issue. I thought you wanted to discuss. . . I do. Thank you. When we talk about vagueness concerns, when we talk about vagueness law, one of the principal objectives, if you will, when you look at whether a law is vagueness, is whether a person with reasonable intelligence and understanding would know what the law prescribes as its basis. That really comes down to whether we feel that the word use in the statute was something that a person with reasonable intelligence would be able to understand. Use is not a complicated verb. Use is to employ something for a purpose. Whether that be to take a picture, hold it up like John Cusack, and play, you know, In My Eyes by Peter Gabriel. I don't know. These are all uses as we, a person with common understanding, would appreciate that. So it's been fun. Thank you. No further questions, I assume? No. All right. Thank you. Mr. Mack. Thank you, Your Honors. The question is to opposing counsel. I think the Court does get what the issue is. And with that in mind, unless there are any specific questions for myself, I think the Court understands the issues, and I'll leave it in the Court's capable hands. Okay. Thank you. Thank you. We'll take the matter under consideration, into consideration, and issue a ruling in due course. And we're going to take a short recess and do that shortly.